# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KELLY LYNN BRITTON,**                                          **PLAINTIFF,**

**VS.**                            **CIVIL ACTION NO. 1:04CV160-P-D**

**LOWNDES COUNTY SHERIFF'S DEPARTMENT;**
**LOWNDES COUNTY, MISSISSIPPI; DEPUTIES**
**BOBBY REEVES AND TIMOTHY TAYLOR, in their**
**individual capacities,**                                  **DEFENDANTS.**

## MEMORANDUM OPINION

This matter comes before the court upon Defendants' Motion for Partial Summary Judgment [44-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On the evening of November 15, 2003, Kelly Lynn Britton was arrested for driving under the influence of alcohol. Britton does not dispute that she was indeed driving while intoxicated. According to Britton, Officers Mistrot and Turner were the arresting officers. Neither of these arresting officers have been wholly identified, nor have they testified in this matter. Britton states that she told the arresting officers not to put handcuffs on her, or at least not very tight, because she had once had her right hand partially amputated and sewn back on which rendering her wrist especially sensitive. Britton maintains that despite her warning, one of the arresting officers (unnamed) handcuffed her in a violent manner and too tightly for a total of forty-five minutes until she arrived at the Lowndes County Sheriff's Department detention center.

It is undisputed that Britton was intoxicated and belligerent with the arresting officers and

the staff at the jail. Accordingly, Jailor Bobby Reeves sprayed her in the face with pepper spray. However, it is disputed whether under the circumstances it was appropriate to use pepper spray. Thereafter, when Britton was in understandable pain, Reeves and Jailor Timothy Taylor took her to a room with a shower, showed her the button to turn on the shower in order to flush out her eyes, and left her there to do so. Britton claims that although she was belligerent, she was only belligerent because of the pain caused by the handcuffs and the pepper spray. In any event, Britton claims she pled for medical attention and received none. The next day, Britton's mother took her to the emergency room whereupon she was released as uninjured. Britton states that her eyesight has been permanently damaged by the pepper spray but has provided no testimony by a physician attesting to this fact. Britton also claims that the jailors stole her jewelry removed upon arrival at the jail per county procedure.

Britton filed the instant action on May 14, 2004 against the Lowndes County Sheriff's Department, Lowndes County, Mississippi, and Jailors Reeves and Taylor, individually. The Complaint asserts four constitutional claims via 42 U.S.C. §1983 and two state law claims for conversion and negligence. The § 1983 claims are: (1) excessive force for the use of handcuffs and pepper spray against Reeves and Taylor individually; (2) unreasonable search and seizure by Reeves and Taylor individually; (3) cruel and unusual punishment for denial of medical attention against Reeves and Taylor individually; and (4) cruel and unusual punishment for denial of medical attention against the County.

The defendants filed the instant motion for partial summary judgment arguing that, with the exception of the § 1983 excessive force claim against Reeves and Taylor regarding the propriety of using the pepper spray, all of the plaintiff's claims are without merit.

## II. DISCUSSION

### A. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, supra, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, supra, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v.*

*Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5 Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5 Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5 Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.*, at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.*, at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Concessions**

In her response, the plaintiff has conceded her claims against the County for negligence and conversion as well as her § 1983 unreasonable search and seizure claim against Reeves and Taylor. This leaves the two § 1983 claims (excessive force in use of handcuffs and pepper spray and cruel and unusual punishment for denial of medical attention) against Reeves and Taylor individually and her § 1983 claim for denial of medical attention against the County.

4

**C. Excessive Force - Use of Handcuffs and Pepper Spray**

1. Handcuffs

As to the plaintiff's § 1983 claim for excessive force in the use of handcuffs against Reeves and Taylor, it is undisputed that neither of them were responsible for placing the handcuffs upon the plaintiff. In any event, even though the plaintiff does not assert a claim for excessive force by handcuffs against the County in her Complaint, even if she did, the arresting officers (whose first names have not been provided) have not testified in this matter. Therefore, the plaintiff's § 1983 excessive force via handcuffs claim should be dismissed.

2. Pepper Spray

a. Reeves and Taylor

With regard to Reeves and Taylor individually, the defendants have conceded that there are genuine issues of material fact with respect to the excessive force claim regarding use of the pepper spray.

Given that the plaintiff was a pretrial detainee, neither the Fourth nor the Eighth Amendments can be used to create liability under § 1983 for excessive force. Rather, the appropriate constitutional provision is the Due Process Clause of the Fourteenth. Furthermore, the Fifth Circuit has rejected use of the shocks-the-conscience standard with regard to pretrial detainees. *Valencia v. Williams*, 981 F.2d 1440, 1447 (5th Cir. 1993). Rather:

> [W]hen a court is called upon to examine the amount of force used on a pretrial detainee for the purpose of institutional security, the appropriate analysis is ... whether the measure taken inflicted unnecessary and wanton pain and suffering depends on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.

*Id.* at 1446. There will usually be little or no evidence of the detention facility official's subjective

intent, thus "the trier of fact must base its determination on objective factors suggestive of intent." *Id*. These factors include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Hudson v. McMillan*, 962 F.2d 522, 523 (5th Cir. 1992).

It is undisputed by the evidence presented that the plaintiff suffered a *de minimis* injury. She has provided no medical proof that her eyesight was permanently damaged. Indeed, pepper spray is specifically designed to prevent serious or permanent injury. Thus, even if she proves that the pepper spray was used improperly (despite her admission that she was belligerent and uncooperative during her admission process in the detention center), the question remains whether she can recover for a *de minimis* injury.[1]

b. The County

The Complaint does not state a claim against the County for excessive force by use of pepper spray. Rather, the Complaint asserts claims of negligence, conversion, and violation of her Eighth

---

[1] *See Hudson v. McMillan*, 503 U.S. 1, 10 (1992) ("The Eight Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"); *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Of course, the question also remains of whether this applies to the current situation given that the plaintiff was not a prisoner but rather a pretrial detainee given that it has been held that the Eighth Amendment does not apply to pretrial detainees. *Graham v. Connor*, 490 U.S. 386 (1989) (prisoner excessive force claims are governed by the Eight Amendment's cruel and unusual punishment clause; whereas, detainee excessive force claims are governed by the Due Process Clause of the Fourteenth Amendment). Presumably, however, the *de minimis* rule applies to detainees in addition to prisoners given that the courts treat the Eight Amendment and Fourteenth Amendment standards with respect to excessive force in a practically identical manner.

Amendment right from cruel and unusual punishment regarding the denial of medical attention. However, even if the Complaint were construed to include a claim for excessive force for use of pepper spray against the County, the plaintiff has no evidence that the alleged excessive force by use of pepper spray was caused by a policy or custom of the County.

The Fifth Circuit confirmed the Supreme Court's maxim that "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)). Furthermore, "*Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such a reading." *Id*.(citing *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1288, 137 L.Ed.2d 626 (1997)). Therefore, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578.

However, liability of a municipality for section 1983 violations can result "if a deprivation of constitutional rights was inflicted pursuant to official customs or policy." *Id*. at 579. Furthermore, "even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result.'" *Id*. (citing *Bryan County*, 529 U.S. at 407, 117 S.Ct. at 1389). This deliberate indifference test is a stringent one and "a showing of simple or even heightened negligence will not suffice" to prove municipal liability. *Id.*

But a policy need not be official to trigger municipal liability under section 1983: a custom may also evidence a policy. *Id.* However, in order for an unofficial policy, or custom, to make a municipality potentially liable under 1983, "[a]ctual or constructive knowledge of [the] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc).

With respect to Lowndes County's alleged liability for constitutionally inadequate jail policies, official or otherwise, these policies must also be viewed with the test enunciated by the Supreme Court in *Bell v. Wolfish* in mind. 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Usually called the *Bell* test, "under *Bell*, a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose."*Hare v. City of Corinth*, 74 F.3d 633, 640 (5th Cir. 1996) (en banc). Of course, the *Bell* test applies only when a pretrial detainee attacks "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* at 643.

As stated above, the plaintiff has no evidence to support municipal liability against the County for her excessive force claim given the standards above. She has not disputed the evidence that Reeves and Taylor were certified in use of pepper spray. Furthermore, she has provided no evidence that a policy or custom by the County was the moving force behind her alleged constitutional violation.

**D. Denial of Medical Treatment**

1. Reeves and Taylor

As to the plaintiff's § 1983 claim against Reeves and Taylor individually regarding the

8

alleged denial of medical treatment after the use of pepper spray, it is undisputed that neither Reeves nor Taylor were in charge of whether or not the plaintiff received medical attention. Even if they were, it is well-established that the only way they can be liable individually for denial of medical attention is if the plaintiff can prove they were "deliberately indifferent" to her medical needs and that she sustained a "serious injury." Not only is there no evidence that the plaintiff sustained a serious injury, there is also no evidence that the jailors were deliberately indifferent, which is "an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The plaintiff does not deny that Reeves and Taylor placed her in front of a shower and indicated that she should use it to flush out her eyes. In any event, given that the nature of pepper spray is to cause pain that dissipates without causing serious injury, the plaintiff has no evidence that she was in danger of serious injury.

2. The County

The plaintiff also claims that the County is liable for denial of medical treatment. As discussed above, in order for the County to be liable for a constitutional violation under § 1983, the plaintiff must show that there was a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom a final policymaker. The plaintiff does not dispute that the County has in place procedures on how to deal medically with detainees sprayed by pepper spray. Nor has she provided evidence that there was a policymaker who made an official policy or allowed a custom of denying medical treatment to those in need. Most importantly, she has no evidence showing that it is unreasonable to assume that a person sprayed in the face with pepper spray, a spray specifically designed to be sprayed in the face and the eyes, is not injured to the level requiring medical attention – especially given that she has no evidence that she indeed suffered a

serious or permanent injury.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the Defendants' Motion for Partial Summary Judgment should be granted. Accordingly, and Order shall issue forthwith,

**THIS DAY** of November 17, 2005.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE